DANIEL G. BOGDEN
United States Attorney
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775)784-5438
Elizabeth.O.White@usdoj.gov
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> DENNIS MONCRIEF, ) <br> ) <br> Defendant. ) | 2:08-CR-020-APG-RJJ <br><br> **Joint Motion to Correct Sentence Under 28 U.S.C. § 2255** <br> (Expedited Treatment Requested)[1] <br><br> **ORDER** |

THE UNITED STATES, by Elizabeth O. White, Appellate Chief and Assistant United States Attorney, and defendant Dennis Moncrief, through his counsel, Nisha Brooks-Whittington, Assistant Federal Public Defender, respectfully move this Court to set aside and correct Defendant's sentence under 28 U.S.C. § 2255; and to resentence him to time-served, to be followed by three years of supervised release. **This will result in Defendant's immediate release.**

---

[1] Defendant filed a 2255 motion on May 31, 2016. ECF 38. On June 3, 2016, this Court ordered the government to file a response by July 5, 2016. ECF 40. Because the government agrees that Defendant is entitled to relief, it files this joint motion in lieu of a response to Defendant's motion.

1

### I. Introduction

In March 2008, Moncrief pleaded guilty to possession of a firearm by a convicted felon, and possession of a stolen firearm. ECF 10. At sentencing, the Court found that Moncrief qualified as an Armed Career Criminal under 18 U.S.C. § 924(e)(2)(B), and sentenced him to 180 months' imprisonment, to be followed by five years of supervised release. ECF 15. In doing so, the Court relied on Defendant's numerous prior state burglary convictions as the ACCA predicate offenses. *See* PSR ¶¶ 39, 41, 43. Moncrief appealed, and the court of appeals affirmed, explicitly holding that Moncrief's prior burglary convictions qualified as ACCA predicate offenses under the ACCA's residual clause. *See United States* v. *Moncrief*, 356 F. App'x 11 (9th Cir. 2009).

In *Johnson* v. *United States*, 135 S. Ct. 2251 (2015), the Supreme Court found the ACCA's residual clause unconstitutionally vague and held that imposing an increased sentence under that clause violates the Constitution's guarantee of due process. The parties agree that *Johnson*'s holding regarding the ACCA's residual clause is retroactive to ACCA cases on collateral review, and further agree that, as a result of *Johnson*, Defendant's burglary convictions cannot qualify as predicate ACCA offenses. Thus, the parties agree that Defendant no longer qualifies as an armed career criminal, and that his sentence of 180-month sentence on Count 1 is a *per se* illegal sentence because it exceeds the 10-year statutory maximum penalty that applies to that offense of conviction in the absence of an ACCA sentence enhancement.

Because Defendant's sentence is "in excess of the maximum authorized by law," he is entitled to relief under 28 U.S.C. § 2255, and specifically is entitled to resentencing without application of the ACCA. Although the parties disagree about the correct advisory

guidelines range,[2] they agree that, because Defendant has been in federal custody for more than 8 years and 3 months, pursuant to normal good-time credit calculations he would have been released before now if he had been sentenced under either party's calculated guidelines range. The parties therefore respectfully request this Court grant this joint motion, vacate Defendant's sentence, and resentence him to time served, to be followed by three years of supervised release.

## II.  Statement of Facts

In September 2008, Moncrief was convicted, on his guilty plea, of possession of a firearm by a convicted felon and possession of a stolen firearm. ECF 21. The felon-in-possession offense normally carries a maximum term of ten years. *See* 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2). The ACCA, however, mandates a 15-year minimum sentence and a maximum term of life in prison for a felon who has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1).

The presentence report found that Defendant had several qualifying prior convictions that triggered the ACCA enhancement: all were Tennessee and Colorado state burglary convictions. *See* PSR ¶¶ 39, 41, 43. At sentencing, the Court found that Moncrief qualified as an Armed Career Criminal under 18 U.S.C. § 924(e)(2)(B), and sentenced him to 180 months' imprisonment, to be followed by five years of supervised release. ECF 15. Without the ACCA enhancement, the statutory maximum for Defendant's offense was 10 years. 18 U.S.C. § 924(a)(2). Defendant has been in federal custody since March 3, 2008.

---

[2] Defendant contends that, post-*Johnson*, none of his prior convictions qualify as crimes of violence, and thus his advisory guidelines range is 63-78 months. *See* Motion at 3 n.2. The government contends that the parties remain bound to the guidelines calculations to which they stipulated in the still-valid plea agreement, resulting in an advisory guidelines range of 110-137 months. *See* ECF No. 9, at 3.

**III.    The *Johnson* Decision is Retroactive to ACCA Cases on Collateral Review.**

When the Supreme Court announces a new rule, "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding," *Chaidez* v. *United States*, 133 S. Ct. 1103, 1107 (2013), with two exceptions. As relevant here, "[n]ew substantive rules generally apply retroactively" on collateral review, including "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro* v. *Summerlin*, 542 U.S. 348, 351-52 (2004). In *Welch* v. *United States*, 136 S. Ct. 1257 (2016), the Supreme Court agreed with the petitioner and the government that the rule announced in *Johnson* is a new substantive rule that is retroactive to ACCA cases on collateral review. *Id*. at 1268.

**IV.    In Light of *Johnson,* Defendant Does Not Have Three Predicate Violent Felonies Under the ACCA.**

As explained above, this Court based its determination that Defendant was an armed career criminal on his prior burglary convictions, all of which qualified as violent felonies only under the residual clause. Because the residual clause is now void, Defendant's prior burglary convictions do not qualify as ACCA predicates, and he does not have the requisite three predicate convictions to qualify as an Armed Career Criminal under 18 U.S.C. § 924(e).

A sentence that exceeds the statutory maximum, as here, is *per se* illegal and must be corrected on collateral review. *See* 28 U.S.C. § 2255(a) (authorizing collateral relief for a sentence "in excess of the maximum authorized by law"); *United States* v. *Newbold*, 791 F.3d 455 (4th Cir. 2015) (granting § 2255 relief where an erroneous ACCA sentence exceeded the non-ACCA statutory maximum). Further, an ACCA sentence based on the

4

residual clause violates the Constitution's Due Process Clause. *See* 28 U.S.C. § 2255(a) (authorizing collateral relief for a sentence "imposed in violation of the Constitution or laws of the United States); *Johnson*, 135 S. Ct. at 2563.

## V.     Conclusion

For the foregoing reasons, the parties respectfully request that the Court grant this joint motion, vacate Defendant's sentence, and sentence him to time served, to be followed by three years of supervised release; resulting in Defendant's immediate release.

Dated this 29th day of June, 2016.

Respectfully submitted,

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | DANIEL G. BOGDEN<br>United States Attorney |
| By: *s/ Nisha Brooks-Whittington*<br>NISHA BROOKS-WHITTINGTON<br>Assistant Federal Public Defender<br>District of Nevada<br>411 E. Bonneville Ave Suite 250<br>Las Vegas, NV 89101<br>Phone: 702-388-6577<br>Fax: 702-388-6261<br>*Attorneys for Dennis Moncrief* | By: *s/ Elizabeth O. White*<br>ELIZABETH O. WHITE<br>Appellate Chief and<br>Assistant U.S. Attorney<br>District of Nevada<br>100 West Liberty, Suite 600<br>Reno, Nevada 89523<br>Phone: 775/784-5438<br>*Attorneys for the United States* |

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED:  June 29, 2016
        _____

5